IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 07 CR 410-20 |
| v. | Hon. Harry D. Leinenweber |
| **KWAME ANTHONY,** | |
| Defendant. | |

## O R D E R

Before the Court is Defendant Kwame Anthony's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 1279). Anthony argues that he is entitled to a reduced sentence in light of Amendment 782, in which the Sentencing Commission reduced retroactively its Guideline ranges for quantity-based drug offenses. For the reasons stated below, Anthony's motion is granted and his sentenced is reduced from 60 months to 57 months.

Anthony was sentenced based on a finding that he obtained and resold approximately seven kilograms of cocaine and 500 grams of heroin. Anthony pleaded guilty and was originally assigned a base offense level of 32, which was then reduced by 5 levels, resulting in a combined offense level of 27. Anthony's prior conduct placed him in Criminal History Category I, which resulted in a guideline range of 70-87 months, but the Court ultimately sentenced Anthony to 60 months imprisonment.

Amendment 782 is one of many recent amendments to the Sentencing Guidelines. The Government does not dispute that the amendment applies to Anthony and that his new guideline range, if sentenced today, would be 57-71 months. The Government correctly notes, however, that the Court's authority here is limited. Although the Court originally sentenced Anthony well below the original minimum guideline range, the Court cannot adjust Anthony's sentence to anything lower than the new minimum of 57 months. Congress gave the Sentencing Commission the exclusive authority to determine by how much a previously imposed sentence may be reduced. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). This authority "is absolute." *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014). The Commission has clearly stated that a district court may not "reduce the defendant's term of imprisonment under [§ 3582] and this policy statement to a term that is less than the minimum of

the amended guideline range." U.S.S.G. § 1B1.10(b)(2). Thus, at most, the Court may reduce Anthony's sentence from 60 months to 57 months.

The Government has left it to the Court to decide whether to grant this 3 month reduction. In deciding whether to grant a reduction, the Court must refer to the § 3553 factors. *Dillon*, 560 U.S. at 826. Those factors include the nature of the offense, the need to protect the public, and the need to provide just punishment, among others. 18 U.S.C. § 3553(a). Although not taking a hard stance, the Government notes that, during his incarceration, Anthony has been disciplined for possessing a hazardous tool, assaulting without serious injury, and phone abuse. These offenses, although not to be taken lightly, do not appear too serious. Moreover, the Court initially found that a just punishment in this case called for a sentence 10 months below the original guideline minimum, which is something the Court cannot do here, as discussed above. Under these circumstances, the Court finds that a 3 month reduction is warranted.

For the reasons stated above, the Court grants Anthony's motion for reduction of sentence, (ECF No. 1279), and reduces Anthony's sentence from 60 months to 57 months.

**SO ORDERED.**

Dated: 8/4/2015

_____
Harry D. Leinenweber, Judge
United States District Court